Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MURPHY, | : |
| Plaintiff, | : Case No._____ |
| v. | : **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| COLLECTORS UNIVERSE, INC., A.J. MOYER, JOSEPH J. ORLANDO, BRUCE A. STEVENS, JENNIFER H. LEUER, JON M. SULLIVAN, KATE W. DUCHENE, LORRAINE G. BARDEEN, and VINA M. LEITE, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

Plaintiff John Murphy ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to

- 1 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This is an action brought by Plaintiff against Collectors Universe, Inc. ("Collectors Universe" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Collectors Universe will be acquired by an investor group led by Nathaniel Turner ("Turner"), Daniel Sundheim ("Sundheim") and Steven A. Cohen ("Cohen" and together with Turner and Sundheim, the "Investor Group"), through D1 Capital Partners L.P. ("D1"), Cohen Private Ventures, LLC ("CPV"), Cards Parent LP ("Parent") and Cards Acquisition, Inc. ("Purchaser") (the "Proposed Transaction").

2.     On November 30, 2020, Collectors Universe issued a press release announcing that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") dated November 30, 2020 to sell Collectors Universe to the Investor Group.  Under the terms of the Merger Agreement, the Investor Group will acquire all outstanding shares of Collectors Universe for $75.25 per share in cash (the "Offer Price").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer

- 2 -

on December 17, 2020.  The Tender Offer is scheduled to expire at 12:00 midnight, New York time (one minute after 11:59 p.m., New York time, on January 19, 2021), on January 19, 2021.  The Proposed Transaction is valued at approximately $700 million.

3.     On December 17, 2020, Collectors Universe filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that Collectors Universe stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) Collectors Universe management's financial projections, relied upon by the Company's financial advisor, Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), in its financial analyses, as well as the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Houlihan Lokey; (ii) the background of the Proposed Transaction; and (iii) Houlihan Lokey's potential conflicts of interest.     Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(e) and 20(a) of the Exchange Act.

4.     In short, the Proposed Transaction will unlawfully divest Collectors Universe's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

stockholders.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.   Collectors Universe is incorporated in Delaware and is headquartered in this District.   Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Collectors Universe.

9.     Defendant Collectors Universe is a Delaware corporation with its principal executive offices located at 1610 E. Saint Andrew Place, Santa Ana, California, 92705.  Collectors Universe is a leading service provider to the collectibles markets.  Collectors Universe's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "CLCT."

10.     Defendant A.J. Moyer ("Moyer") is Chairman of the Board and has been a director of the Company since 2003.

11.     Defendant Joseph J. Orlando ("Orlando") is President of the Company and has been Chief Executive Officer ("CEO") and a director of the Company since 2017.

12.     Defendant Bruce A. Stevens ("Stevens") has been a director of the Company since 2006.

13.     Defendant Jennifer H. Leuer ("Leuer") has been a director of the Company since 2020.

14.     Defendant Jon M. Sullivan ("Sullivan") has been a director of the Company since 2020.

15.     Defendant Kate W. Duchene ("Duchene") has been a director of the Company since 2020.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

16.    Defendant Lorraine G. Bardeen ("Bardeen") has been a director of the Company since 2020.

17.    Defendant Vina M. Leite ("Leite") has been a director of the Company since 2020.

18.    Defendants identified in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19.    Turner is an entrepreneur and founder of several companies, including Invite Media, which Google acquired in 2010 for $81 million.  Turner also founded Flatiron Health, Inc., where he currently serves as CEO.

20.    D1 is a global investment firm that operates across public and private markets.  Founded in 2018 by Sundheim, D1 focuses on investing in the global internet, technology, telecom, media, consumer, healthcare, financial, industrial, and real estate sectors.

21.    CPV was founded by Cohen and invests long-term capital, primarily in direct private investments and other opportunistic transactions, and manages Cohen's family office activities.

22.    Parent is a Delaware limited partnership indirectly controlled by Turner, Sundheim, and Cohen.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

23.    Purchaser is a Delaware corporation and an indirect wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

### Company Background

24.    Collectors Universe is a leading provider of value-added services to the collectibles markets.  The Company authenticates and grades collectible coins, trading cards, event tickets, autographs and memorabilia.  The Company also compiles and publishes authoritative information about United States and world coins, collectible trading cards and sports memorabilia and operates its Certified Coin Exchange dealer-to-dealer Internet bid-ask market for certified coins and its Expos trade show and conventions business.

25.    The Company has developed some of the leading brands in the collectibles markets in which it conducts business, including:

- "PCGS" (Professional Coin Grading Service), the Company's independent coin authentication and grading service;

- "PSA" (Professional Sports Authenticator), the Company's independent sports and trading cards authentication and grading service; and

- "PSA/DNA" (PSA/DNA Authentication Services), the Company's independent authentication and grading service for vintage autographs and memorabilia.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

PCGS, PSA and PSA/DNA are among the leading independent authentication and grading services in their respective markets.

26.    On November 2, 2020, the Company announced its first quarter of fiscal 2021 financial results, including: a Company record $30.8 million in revenues, an increase of 52% from $20.2 million in the same period of 2019; increased gross profit margin to 63%, as compared with 60% in the comparable quarter in the prior year; operating income increased 68% to a record $7.8 million, or 25% of revenue, compared to $4.6 million in the same quarter of fiscal 2020; and diluted earnings per share of $0.65 for the quarter, compared to $0.40 for the same quarter in the prior year. Commenting on the Company's financial results, defendant Orlando stated:

We achieved another quarter of record performance with revenue increasing over 50% both sequentially and year-over-year to $30.8 million, primarily driven by significant growth in our PSA division for trading cards, autographs and sports memorabilia. Additionally, we set new quarterly records on both earnings and cash generation, further highlighting the improving operating leverage in our business. These results are a direct reflection of the diligent work by our team over the past few years to transform the business in a way that could enable the kind of growth we achieved in the first quarter of fiscal 2021.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

The combination of increased throughput and higher margins in our PSA division helped to drive our results in the quarter, and we also expect it to be a material contributor to our future growth. The substantial demand for these services and the strength of the overall market have not shown signs of letting up, which is why the recent opportunity to expand our operations facility is well timed. Additionally, we were also pleased with the performance of our coin business, PCGS, which surpassed last year's revenue results despite the previously mentioned headwinds related to the pandemic. We've been quick to respond to these challenges by hosting smaller domestic events and increasing our operational capacity in China, resulting in revenue increasing in the region during the quarter as well. Collectively, these actions and dedicated efforts by the entire team have contributed to the highest quarterly operating performance our Company has achieved in its history.

**The Proposed Transaction**

27.    On November 30, 2020, Collectors Universe issued a press release announcing the Proposed Transaction. The press release stated, in relevant part:

NEWPORT BEACH, Calif., Nov. 30, 2020 -- Collectors Universe, Inc. (NASDAQ: CLCT) ("Collectors Universe" or the "Company"), a leading provider of value-added authentication and grading services to dealers and

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

collectors of collectibles, today announced that it has entered into a definitive agreement under which an investor group led by entrepreneur and sports card collector Nat Turner, D1 Capital Partners L.P., and Cohen Private Ventures, LLC (the "Investor Group") will acquire all of the Company's outstanding shares of common stock for $75.25 per share in cash.

The transaction represents a premium of approximately 30% over the Company's 60-day volume-weighted average price ended on November 25, 2020, the last full trading day before today's announcement. The transaction, which was approved by the Collectors Universe Board of Directors, represents fully diluted equity value of approximately $700 million, and is not subject to any financing contingency.

Joseph J. Orlando, President and CEO of Collectors Universe, will continue to lead Collectors Universe, which will retain its headquarters in Santa Ana, California.

"After careful consideration, we are pleased to have reached an agreement that reflects the remarkable value creation Collectors Universe has

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

achieved through its consistent execution during these challenging times," said A.J. "Bert" Moyer, Chairman of the Collectors Universe Board of Directors.  "This transaction will deliver an immediate cash premium to our shareholders, and create exciting opportunities for our employees, collectors and dealers around the world."

"Collectors Universe has firmly established itself as an industry leader, with the strongest and best-known brands in authentication and grading services," said Mr. Orlando.  "As we look to our next chapter, I'm excited to partner with Nat, a fellow lifelong collector and hobbyist whose passion for the collectibles space and substantial experience scaling technology businesses will help position Collectors Universe to drive continued growth and success in our PSA and PCGS brands over the long-term.  This transaction is a testament to the value that all of Collectors Universe's talented employees have built.  As we transition from a public to a private company, in partnership with Nat and a group of world-class financial investors and sports and collectibles enthusiasts, our customers will continue to see the same level of integrity, transparency, service and high-quality solutions that they expect from Collectors Universe."

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

"Collecting sports cards and connecting with like-minded hobbyists has been a lifelong passion," said Mr. Turner. "I have tremendous respect for the high-quality services Collectors Universe provides and the leadership position its talented team, led by Joe Orlando, has built. We are committed to bringing the resources and expertise necessary to expand the Company's operational capacity and technological capabilities, while enhancing the accuracy and consistency for which Collectors Universe is known."

**Transaction Details**

The transaction will be completed through a cash tender offer for all of the outstanding common shares of Collectors Universe for $75.25 per share in cash, to be commenced as promptly as reasonably practicable, followed by a merger in which any remaining outstanding shares of Collectors Universe will be converted into the right to receive the same cash price per share paid in the tender offer. The closing of the tender offer is subject to certain limited and customary conditions, including the tender by Collectors Universe shareholders of at least one share more than 50% of Collectors Universe's issued and outstanding shares and

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

expiration or early termination of the statutory waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976.

The Collectors Universe Board of Directors recommends that all shareholders tender their shares in the offer.

The transaction is expected to close in the first calendar quarter of 2021. Upon completion of the transaction, Collectors Universe will become a privately held company and its shares will no longer be listed on any public market.

**Insiders' Interests in the Proposed Transaction**

28.     Collectors Universe insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Collectors Universe.

29.     Company insiders stand to reap substantial financial benefits for securing the deal with the Investor Group.  The following table sets forth the cash payments the Company's executive officers and directors will receive in connection with tendering their shares in the Tender Offer:

- 13 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

| Name | Number of Shares Beneficially Owned | Total Value of Shares ($) |
|---|---|---|
| *Non-Employee Directors* | | |
| A.J. "Bert" Moyer | 61,347 | 4,616,362 |
| Bruce A. Stevens | 42,983 | 3,234,471 |
| Kate W. Duchene | 950 | 71,487 |
| Vina M. Leite | 950 | 71,487 |
| Jon M. Sullivan | 950 | 71,487 |
| Lorraine Bardeen | 856 | 64,414 |
| Jennifer H. Leuer | 856 | 64,414 |
| *Executive Officers* | | |
| Joseph J. Orlando* | 45,129 | 3,395,957 |
| Joseph J. Wallace | 101,515 | 7,639,004 |

30. Moreover, upon consummation of the Proposed Transaction, all vested and unvested restricted stock units ("Company RSUs") and performance stock units ("Company PSUs") will be converted into the right to receive cash payments, as set forth in the following table:

| Name | Shares Held Directly(1) | | Company RSUs and PSUs(2)(3) | | | |
|---|---|---|---|---|---|---|
| | Number of Shares (#) | Value of Shares ($) | Number of Company RSUs (#) | Number of Company PSUs (#) | Value of Company RSUs and Company PSUs ($) | Total ($) |
| *Non-Employee Directors* | | | | | | |
| A.J. "Bert" Moyer | 61,347 | 4,616,362 | — | — | — | 4,616,362 |
| Bruce A. Stevens | 42,983 | 3,234,471 | — | — | — | 3,234,471 |
| Kate W. Duchene | 950 | 71,487 | — | — | — | 71,487 |
| Vina M. Leite | 950 | 71,487 | — | — | — | 71,487 |
| Jon M. Sullivan | 950 | 71,487 | — | — | — | 71,487 |
| Lorraine Bardeen | 856 | 64,414 | — | — | — | 64,414 |
| Jennifer H. Leuer | 856 | 64,414 | — | — | — | 64,414 |
| *Executive Officers* | | | | | | |
| Joseph J. Orlando* | 45,129 | 3,395,957 | — | 49,208 | 3,702,902 | 7,098,859 |
| Joseph J. Wallace | 101,515 | 7,639,004 | 8,361 | 29,896 | 2,878,839 | 10,517,843 |

31. Further, if they are terminated in connection with the Proposed Transaction, Collectors Universe's named executive officers will receive substantial cash severance payments in the form of golden parachute compensation as set forth in the following table:

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

| Name | Cash ($)(1) | Equity ($)(2) | Perquisites/ Benefits ($) (3) | Total ($)(4) |
|---|---|---|---|---|
| Joseph J. Orlando | 533,973 | 6,822,015 | 12,374 | 7,368,362 |
| Joseph J. Wallace | 100,000 | 2,878,839 | - | 2,878,839 |

## The Recommendation Statement Contains Material Misstatements or Omissions

32.    The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Collectors Universe's stockholders.    The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal.

33.    Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Collectors Universe management's financial projections, relied upon by the Company's financial advisor Houlihan Lokey for its financial analyses as well as the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Houlihan Lokey; (ii) the background of the Proposed Transaction; and (iii) Houlihan Lokey's potential conflicts of interest.

***Material Omissions Concerning Collectors Universe's Financial Projections and Houlihan Lokey's Financial Analyses***

34.    The Recommendation Statement omits material information regarding the Company's financial projections provided by Collectors Universe's management and relied upon by Houlihan Lokey for its financial analyses.

- 15 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

35.    For example, the Recommendation Statement fails to disclose the Company's net income over the projection period.

36.    The Recommendation Statement also omits material information concerning Houlihan Lokey's financial analyses.

37.    The Recommendation Statement describes Houlihan Lokey's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Houlihan Lokey's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.    Without this information, as described below, Collectors Universe's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Houlihan Lokey's fairness opinion in determining whether to tender their shares in the Proposed Transaction or seek appraisal.

38.    With respect to Houlihan Lokey's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the terminal value for the Company; (ii) quantification of the inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (iii) the basis for using a range of terminal value Adjusted EBITDA multiples of 10.0x to 12.0x; (iv) total debt and cash and cash equivalents as of October 30, 2020; and (v) the fully diluted shares outstanding of Collectors Universe.

39.    With respect to Houlihan Lokey's *Selected Companies Analysis* and *Selected Transactions Analysis*, the Recommendation Statement fails to disclose: (i)

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the individual multiples and financial metrics for each of the companies and transactions analyzed, respectively; (ii) total debt and cash and cash equivalents as of October 30, 2020; and (iii) the Company's LTM Adjusted EBITDA as of October 30, 2020.

40.     The omission of this information renders the statements in the "Projected Financial Information" and "Opinion of Houlihan Lokey Capital, Inc." sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

41.     The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

42.     The Recommendation Statement fails to disclose whether Collectors Universe entered into any confidentiality agreements with potential counterparties that include "don't-ask, don't-waive" ("DADW") standstill provisions that are still in effect and presently precluding any potential counterparty from submitting a topping bid for the Company.

43.     The failure to disclose the existence of DADW provisions creates the false impression that any of the potential bidders who entered into confidentiality agreements could make a superior proposal for the Company.  If those confidentiality agreements contain DADW provisions, then those potential bidders can only make a superior proposal by (i) breaching the confidentiality agreement—as in order to make

the superior proposal, they would need to ask for a waiver, either directly or indirectly; or by (ii) being released from the agreement, which if action has been done, is omitted from the Recommendation Statement.

44. Any reasonable Collectors Universe stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

45. The Recommendation Statement also fails to disclose the terms of the settlement agreement the Company entered into with Alta Fox Capital Management, LLC in connection with its possible proxy contest.

46. The omission of this information renders the statements in the "Background of the Offer and the Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Houlihan Lokey's Potential Conflicts of Interest***

47. The Recommendation Statement fails to disclose material information concerning the potential conflicts of interest faced by Houlihan Lokey.

48. For example, the Recommendation Statement sets forth:

Pursuant to its engagement by Collectors Universe, Houlihan Lokey is entitled to an aggregate fee based upon a percentage of the transaction value of the Offer and the Merger of approximately $9.1 million for its services, a portion of which became payable upon the delivery of

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Houlihan Lokey's opinion, and a substantial portion of which will become payable contingent upon the consummation of the Offer and the Merger. Recommendation Statement at 47. The Recommendation Statement fails, however, to disclose the amount of Houlihan Lokey's compensation that is contingent upon consummation of the Proposed Transaction.

49. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

50. The omission of this information renders the statements in the "Opinion of Houlihan Lokey Capital, Inc." section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

51. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Collectors Universe stockholders will be unable to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

# CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

52.    Plaintiff repeats all previous allegations as if set forth in full.

53.    Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer commenced in conjunction with the Proposed Transaction.

54.    Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer commenced in conjunction with the Proposed Transaction.

55.    As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT II

### Claims Against the Individual Defendants for

- 20 -

### Violation of Section 20(a) of the Exchange Act

56.     Plaintiff repeats all previous allegations as if set forth in full.

57.     The Individual Defendants acted as controlling persons of Collectors Universe within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Collectors Universe and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

58.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

59.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The

Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

60.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

61.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Collectors Universe, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

C.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.    Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  January 11, 2021          **WEISSLAW LLP**

By: _____

Joel E. Elkins
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone:  310/208-2800
Facsimile:   310/209-2348
          -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY  10036
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff*

- 23 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS